# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTER DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10 CV 0748 |
| | ) |
| TARON WYCHE, d/b/a DGSOURCE.COM, | ) Honorable Joan B. Gottschall |
| d/b/a LOOKLURK.COM, d/b/a LIL GIANT | ) |
| PRODUCTIONS, d/b/a LGP LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Flava Works, Inc. filed this action against TyRon Wyche, the owner and operator of two websites DGSource.com and LookLurk.com, and five "John Does." Flava Works alleges that Wyche established the websites as forums for the exchange of copyrighted material. According to the complaint, Wyche, the John Does, and others reproduced and distributed through the websites pornographic videos and photographs created by Flava Works. The complaint asserts claims for infringement under the Copyright Act, 17 U.S.C. §§ 106 & 501, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

Although Wyche was served with process, he never appeared nor answered the complaint. The court issued an order of default on May 5, 2010 and permitted plaintiff to submit its proof of damages. (Minute Entry 5/5/10, Doc. 18.) Flava Works filed its proof seeking statutory damages under the Copyright Act, 17 U.S.C. § 504, actual damages and defendant's profits under the Lanham Act, 15 U.S.C. § 1117(a), costs, attorneys' fees,

and injunctive relief.  (Pl.'s Prove Up, Doc. 19.)  In all, Flava Works claims that Wyche infringed two copyrighted works and two works with pending copyright applications, and it asks for $1,381,310 in monetary damages.

Based on the record before the court, default judgment cannot be entered until Flava Works supplements the information it has provided.

## II.  STANDARD

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).  Where a plaintiff seeks liquidated damages, the court may enter default judgment immediately upon the plaintiff's request and submission of an affidavit showing the sum certain.  Fed. R. Civ. P. 55(b)(1).  Rule 55 requires the court to conduct a more thorough inquiry where damages are unliquidated. The court will not simply deem as true the complaint's allegations with respect to damages.  *Catt*, 368 F.3d at 793.  The plaintiff must meet its burden—although the burden need not be high—to prove damages that are reasonably certain.  *See* Charles Alan Wright et al., 10A Federal Practice and Procedure § 2688 (3d ed. 1998).  And the court must carefully consider whether plaintiff has demonstrated the inadequacy of legal relief before issuing an injunction.  *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).

## III.  ANALYSIS

Flava Works has requested damages for both its copyright and false designation claims.  However, the complaint alleges a single course of conduct which gave rise to the

two causes of action. Flava Works is entitled to a choice between either statutory damages or actual damages plus Wyche's profits, 17 U.S.C. § 504(c)(1), but it may not be compensated twice for the same injury. *See Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 940-41 (7th Cir. 1989) (holding single award of damages is appropriate where claims under Lanham Act and Copyright Act seek compensation for same conduct).

## A. Actual Damages

If Flava Works opts to receive its actual damages, under the Copyright Act, it would be entitled to receive both the damages incurred by it as a result of the infringement as well as the profits earned by Wyche that are attributable to the infringement. 17 U.S.C. § 504(b). The Lanham Act generally provides the same measure of damages for false designation claims; however, the court has discretion to increase the amount of actual damages "not exceeding three times such amount." 15 U.S.C. § 1117(a).

Flava Works calculates its damages by estimating that, because of the infringement, it lost out on DVD sales, purchases of its Video on Demand service, and new members to its subscription-based websites. As proof, Flava Works submitted the affidavit of Phillip Bleicher, the company's president and owner. The affidavit states:

7. That, due to TyRon Wyche's activities via his websites, Flava Works, Inc. has lost approximately 150 DVD sales per title for the four (4) DVDs . . . and that each of these DVDs sells for a retail price of $54.95 per DVD, totaling $32,970.

8. That Flava Works, Inc. has also lost revenue amounting to approximately half of the total lost DVD sales from the loss of revenue from its dissemination of these DVD titles via Video On Demand ("VOD"), amounting to $16,485.

9. That Flava Works, Inc. operates five (5) websites which offer subscription services at an average rate of $28 per month.

10. That Flava Works, Inc. has lost approximately 200 potential members per site, per month due to Wyche's actions of making the material available through the subscription based services free on his websites.

11. That the total amount of lost profits from lost subscriptions for the five (5) websites over seven (7) months is $196,000.

(Bleicher Aff. ¶¶ 7-11, Doc. 19, Ex. F.)  No other evidence of actual damages was provided.  From the bare assertions in the affidavit, the court cannot conclude that Flava Works' actual damages are reasonably certain.  It has provided no context for the amounts it requests.  For example, it claims to have lost out on sales of 600 DVDs, but it does not provide any sales figures from before or after the infringement which would suggest that this estimate is reasonable.  Nor does it provide any other basis for its assertion that it has lost DVD, Video on Demand, or subscription sales, or that any lost sales could be attributed to Wyche's infringement.  A conclusory affidavit is plainly insufficient.  *e360 Insight*, 500 F.3d at 602-03 (reversing default judgment where district court awarded unliquidated damages based only on plaintiff's affidavit).

## B.  Profits

The Lanham Act states that, "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a); *see also* 17 U.S.C. § 504(b) (providing for same method of calculating profits under Copyright Act).  Flava Works calculates Wyche's profits by estimating the amount of revenue derived from the sale of internet advertisements:

5. That after due diligence and research, using such tools as Quantcast and Compete.com, I estimate that the websites www.DGSource.com and www.LookLurk.com have up to 20,000 visitors each month.
6. That based upon this research, I estimate that these websites generate approximately $3,000 in advertising revenue per month.

(Bleicher Aff. ¶¶ 5-6.)  These assertions suffer from the same deficiency as the estimates of actual damages.  The court cannot conclude from this affidavit that Mr. Bleicher's research adequately proves Wyche's revenue.  In addition, the court cannot conclude that

the entire amount of this revenue is attributable to Wyche's conduct. *See Taylor v. Meirick,* 712 F.2d 1112, 1122 (7th Cir.1983) (holding that proof of gross revenue in infringement action is not sufficient for establishing profits; plaintiff must also show that revenue was attributable to infringement). Unless all the content on Wyche's website infringes Flava Works' intellectual property, it may be impossible for it to show that any portion of Wyche's advertising revenue is attributable to the infringement. This difficulty of proof is one of the reasons the Lanham Act provides the court discretion to increase the amount of actual damages by up to a factor of three, and why the Copyright Act provides for the recovery of statutory damages.

## C.     Statutory Damages

If Flava Works opts to receive statutory damages, it need not offer any proof of actual damages. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, Nos. 03 C 5311, 03 C 4844, 2008 WL 1775512, at *3 (N.D. Ill. Apr. 17, 2008). "When, however, a copyright owner presents no evidence to support a claimed amount of statutory damages, the court may—in its wide discretion to determine statutory damages—adjust the damage award downward to the statutory minimum." Terrence P. Ross, Intellectual Property Law: Damages and Remedies § 2.02 (Law Journal Press 2009). In setting the amount of statutory damages, courts consider several benchmarks including a copyright owner's damages, the infringer's profits, and the infringer's willfulness. *Id.* To support an award of maximum statutory damages, as Flava Works requests, some additional proof on these issues would assist the court.

Flava Works asks for statutory damages based on infringement involving four different works. However, according to Flava Works, two of the works are not yet registered; the copyright applications are still pending. (Pl.'s Prove Up at 2-3.) The

5

Copyright Act only provides for statutory damages where the infringement began before the date of registration. 17 U.S.C. § 412. Flava Works is only entitled to statutory damages for the two acts of infringement involving previously registered copyrights.

Flava Works requests enhanced statutory damages because Wyche's infringement was willful. *See* 17 U.S.C. § 504(c)(2) (providing for statutory damages of up to $150,000 per violation where plaintiff proves that "infringement was committed willfully"). The Copyright Act provides for a rebuttable presumption of willfulness where "a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a . . . domain name registry . . . in registering, maintaining, or renewing a domain name used in connection with the infringement." 17 U.S.C. § 504(c)(3A). Flava Works did allege in its complaint that Wyche provided false information to a domain name registry in order to deceive copyright owners. (Compl. ¶¶ 17-18, Doc. 1.) As stated above, however, allegations with respect to damages are not deemed to be true for the purposes of entering default judgment, *Catt*, 368 F.3d at 793; Flava Works must provide some evidence of willfulness in order to collect enhanced statutory damages.

## D. Injunctive Relief

Flava works also seeks injunctive relief. It asks for a permanent injunction to stop Wyche from further infringement; it requests that the domain names for Wyche's websites be transferred to Flava Works; and it requests that the court "Direct the Registrar to reveal the owners, registrants, administrative contacts, and billing contacts for www.DGSource.com, www.LookLurk.com, and any other domain names owned by Defendant that are held as 'private registrations' to Flava Works and to the Court." (Prove Up at 9-10.) Flava Works is not entitled to injunctive relief as of right. *e360*

*Insight*, 500 F.3d at 604.  It must demonstrate that, 1) there is no adequate remedy at law, 2) irreparable harm will occur without the injunction, 3) the harm that will occur to Flava Works if no injunction issues outweighs the harm the injunction will cause to Wyche, and 4) the injunction will not harm the public interest.  *Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 872 (N.D. Ill. 2006).

As authority for its request that Wyche's domain names be transferred to Flava Works, plaintiff points to 15 U.S.C. §§ 1116(a) and 1125(d)(1)(A).  Section 1125(d)(1)(A) provides remedies for trademark owners, but Flava Works does not purport to own any trademarks.  Flava Works identifies the language of § 1116(a) which states that an "injunction granted upon hearing, after notice to the defendant, by any district court of the United States . . . may be enforced by proceedings to punish for contempt, *or otherwise*, by the court by which such injunction was granted."  (Prove Up at 7 (emphasis in prove-up).)  The quoted language, however, discusses enforcement of an injunction, not the initial terms of an injunction.

Flava Works provides no authority for the proposition that the court may order the domain name registrar to release information about Wyche's domain names.  The court will not consider these requests without further legal and evidentiary support.

### IV.  CONCLUSION

Before the court will enter default judgment, Flava Works must make an election between statutory and actual damages.  It must also provide additional evidentiary support for its requested relief.

ENTER:

                                         _____/s/_____

                                         JOAN B. GOTTSCHALL
                                         United States District Judge

DATED: June 28, 2010