# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 748 | **DATE** | 3/31/2011 |
| **CASE TITLE** | Flava Works, Inc. vs. Wyche et al. | | |

**DOCKET ENTRY TEXT**

Defendant TaRon Wyche's motions to dismiss for lack of jurisdiction [56, 57] are denied without prejudice. The docket should also reflect that Plaintiff's motion for rule to show cause and to hold defendants in contempt [44] has been granted, as reflected in docket entries 53, 54, and 55. Clerk is directed to mail to defendant in forma pauperis application and motion for appointment of counsel.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Defendant TaRon Wyche has filed, for the third and fourth times, motions to dismiss for lack of personal jurisdiction. As the court has explained twice before (*see* Docs.30, 51), all motions must be noticed for presentment in compliance with Local Rule 5.3(b), and a motion to dismiss this action is not proper because judgment has already been entered. If Wyche intends to ask the court to set aside the default judgment, he must move expeditiously to file an appropriate motion under Federal Rule of Civil Procedure 60(b) stating reasons why such relief would be appropriate.

    Wyche has also filed an affidavit stating that he resides in Virginia and has not been able to appear in court because of limited means and because he has recently started a new job which does not permit him to be absent. He states: "I am pleading with the court and the judge to call off the Writ of Body as I am in my 90 day period of my new job. My non appearance in court was not out of disobedience but lack of means." (Doc. 58.) The court understands the difficulties faced by Wyche, but the court is unable to grant any relief until Wyche complies with the rules of this court. Default judgment was entered in this case because Wyche never appeared or answered the complaint. The court granted plaintiff's motion to hold Wyche in contempt only after Wyche repeatedly failed to respond to court orders.

    If Wyche would like the court to appoint counsel to represent him in this case, he should follow the procedure outlined in Local Rule 83.36, including filing an application to proceed in forma pauperis and motion for appointment of counsel. The clerk is directed to mail the necessary forms to Wyche. If he asks for appointed counsel, Wyche is admonished that, in completing the required forms, he must swear to the truthfulness of his statements, and the court will scrutinize all representations he makes.

| | Courtroom Deputy Initials: | RJ/JK |
|---|---|---|